# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LA JUNE KELLY,<br><br>     Plaintiff,<br><br>v.<br><br>ILLINOIS CENTRAL SCHOOL BUS LLC, *also known as* NORTH AMERICAN CENTRAL SCHOOL BUS LLC, *also known as* NORTH AMERICAN CENTRAL/WISCONSIN CENTRAL,<br><br>     Defendant. | Case No. 23-CV-21-JPS<br><br><br>**ORDER** |

    On January 6, 2023, Plaintiff La June Kelly ("Plaintiff"), proceeding pro se, filed this action, ostensibly alleging federal employment discrimination claims. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee, ECF No. 2. This Order screens Plaintiff's complaint. For the reasons stated below, the Court will dismiss this action and deny as moot Plaintiff's motion for leave to proceed without prepaying the filing fee.

    The court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. Appx. 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against

a defendant who is immune from such relief. *Id.* Additionally, "dismissal at screening is proper when it is clear 'from the face of the complaint' that res judicata bars the claims." *Atherton v. St. Vincent Hosp.*, 774 Fed. App'x 304, 305 (7th Cir. 2019) (quoting *Walker v. Thompson*, 288 F.3d 10005, 1009 (7th Cir. 2002)). "A district court may dismiss a suit based on res judicata if the plaintiff's earlier suit raised identical claims against the same parties . . . and reached a final judgment on the merits." *Id.* (citing *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015)).

Plaintiff's complaint is styled as an employment discrimination claim under federal law, but is devoid of factual allegations as to what actions Defendant took that were discriminatory. The complaint does, however, directly reference Plaintiff's earlier action in this District in which she claimed that her termination from employment with Defendant was impermissibly based on her race.[1] That case concluded in February 2022 before Judge Brett H. Ludwig. The Court gleans the following background facts from Judge Ludwig's order granting Defendant's motion for summary judgment.[2]

Defendant is a school bus company that provides student transportation services. Case No. 17-CV-1357, ECF No. 77 at 2. In 2016 and part of 2017, Defendant employed Plaintiff, an African American woman, as a school bus driver. *Id.* In February 2017, while Plaintiff was transporting students in a school bus, the bus was involved in an accident that resulted in injuries to several people at the scene and damage to the bus. *Id.* Although an employee of Defendant who investigated the scene concluded

---

[1] *See La June Kelly v. N. Am. Cent./Wis. Cent.*, 17-CV-1357-BHL (E.D. Wis.).

[2] The Seventh Circuit subsequently affirmed Judge Ludwig's grant of summary judgment to Defendant. *Kelly v. Ill. Cent. Sch. Bus, LLC*, No. 22-1465, 2022 WL 4095772 (7th Cir. Sept. 7, 2022).

Plaintiff was probably not at fault for the accident, this employee nevertheless instructed Plaintiff to take a post-accident drug test, pursuant to Defendant's policy requiring such drug testing. *Id.* at 2–3. Plaintiff failed to provide an acceptable urine sample for drug testing—the first sample she provided was outside the acceptable temperature range for testing, and she left the testing facility before providing a second sample—and thus, under Defendant's drug testing policy, was deemed to have failed her drug test. *Id.* at 4. She was then terminated from her employment with Defendant, due to its zero-tolerance policy for employees who fail a drug test. *Id.*

Returning to the complaint currently before the Court, Plaintiff claims Defendant has violated her rights "by plotting forth false information that I contributed to an accident[,] alleging that Defendant's decision to terminate her employment was "defamation of character and denial of relativity." ECF No. 1 at 2. Plaintiff states that she has suffered from panic attacks as a result of these events, particularly because she does not want to be deemed a careless driver. *Id.* at 3. She believes her termination to have been wrong and unfair, highlighting that she did not receive any citations in 28 years of driving and has no history of drug or alcohol abuse. *Id.* For relief, she requests to be compensated $250,000.00 for her lost employment as well as the hardship, pain, and suffering she experienced as a result of the circumstances surrounding her termination. *Id.* at 4. She additionally requests "removal [of] the drug testing from [her] DOJ Record and the stoppage of putting forth the test information publicly." *Id.*

Plaintiff additionally alleges Defendant "provided false information regarding its own handbook" and that its decision to drug test her did not comply with federal Department of Transportation (DOT) requirements. *Id.*

at 2. She also highlights the fact that, on the day of the above-referenced bus accident, Defendant required her to complete transportation of some students after the accident and before she reported for her drug test, which she states was "out of the norm." *Id.* at 3.

Plaintiff's complaint is barred by the doctrine of res judicata, which generally "precludes the parties . . . from relitigating issues that were or could have been raised in [a prior] action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "The three requirements for *res judicata* under federal law are: (1) an identity of the parties . . . ; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). "A claim has identity with a previously litigated matter if it emerges from the same core of operative facts as that earlier action." *Brzostwosi v. Laidlaw Waste Sys.*, 49 F.3d 337, 338–39 (7th Cir. 1995) (citation and internal quotation marks omitted). Even if "the legal elements of each claim may be different," if "the central factual issues are identical," the claims can be said to arise out of the same core of operative facts for purposes of res judicata analysis. *Id.* at 339. If all three elements are shown and it is determined that res judicata applies, the doctrine "reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not." *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 310 (7th Cir. 2010) (citations omitted).

The face of Plaintiff's complaint readily evinces all three elements required for res judicata to take effect. *See Atherton*, 774 Fed. App'x at 305 (noting that, although res judicata is an affirmative defense, a district court may premise its dismissal of a pro se complaint on res judicata when all three elements of the defense are apparent from the face of the complaint).

As to the first element, Defendant is identical to the defendant in 17-CV-1357, down to the three names by which it is known. *Compare* ECF No. 1 at 1 with Case No. 17-CV-1357, ECF No. 77 at 1, n.1 ("North American Central School Bus LLC does business as Wisconsin Central School Bus LLC and is also known as Illinois Central School Bus.") As to the third element, Plaintiff's case before Judge Ludwig was decided on summary judgment—a final decision on the merits—and the summary judgment order was accompanied by a judgment dismissing the case. Case No. 17-CV-1357, ECF Nos. 77 and 78.

As to the second element, although Plaintiff's complaint is lacking in factual matter, her direct reference to her case before Judge Ludwig leads to the conclusion that Plaintiff, herself, admits that the two cases "arise out of the same core of operative facts." *Brzostwosi*, 49 F.3d at 339. The same facts she alleged gave rise to a discrimination claim in her case before Judge Ludwig are those which she now alleges give rise to a defamation claim. Plaintiff is barred from raising an employment discrimination claim, as Judge Ludwig has already spoken definitively on this matter.[3] Plaintiff's

---

[3] The factual material Plaintiff *does* articulate—such as her allegations that Defendant's drug test of Plaintiff was discriminatory because it was not required by DOT standards and that —has already been addressed. *See* Case No. 17-CV-1357, ECF No. 77 at 7 ("Walton's decision to instruct her to take the drug test was within the established bounds of her reasonable employment expectations" despite not being required by the DOT) and 9 ("Here, DOT regulations did not require the test, but North American used a DOT test form anyway. But this was at most a mistake and has nothing to do with whether Kelly's firing was discriminatory."); *see id.* at 9–10 (the fact "that North American required [Plaintiff] to finish her routes for the day" before submitting to the drug test is insufficient to support a finding that Defendant's "acted unreasonably or with an intent to harass or humiliate"). Similarly, her statements about her past driving record have already been dismissed as immaterial. *See id.* at 6 ("But to make a prima facie case of employment discrimination, a plaintiff must show more than being a good employee in some areas[.]")

legal claim of defamation—which she apparently did not raise or address before Judge Ludwig, but could have—cannot proceed, and neither can her request for monetary relief and for information about her drug test to be removed from public view. *Id.* (noting that res judicata may apply even where distinct legal claims arise from identical factual issues); *Russian Media*, 598 F.3d at 310 (where res judicata applies, the doctrine "reaches both claims that were actually asserted in an earlier lawsuit and those that *could have been asserted but were not*") (emphasis added).

Alongside her complaint, Plaintiff has submitted a request to proceed without prepaying the filing fee. ECF No. 2 at 1–2. A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

Though the Court notes parenthetically that Plaintiff appears to have some resources, *see id.* at 2–3, the Court need not conclusively determine whether Plaintiff is indigent, because the action will be dismissed. Accordingly, the motion for leave to proceed without prepaying the filing fee will be denied as moot.

In conclusion, for the reasons stated above, the Court finds this action is barred by the doctrine of res judicata and therefore may not proceed. Because Plaintiff's prior case was adjudicated and dismissed on the merits, the dismissal of the instant action will also operate with

prejudice. *See Atherton*, 774 Fed. App'x at 305. Because the Court is obliged to dismiss this action, Plaintiff's motion for leave to proceed in forma pauperis will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.